UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STEVEN F. REIBER and MARY L. REIBER, | NO. CIV. 2:11-01057 WBS KJN |
| Plaintiffs, | ORDER RE: MOTION TO STAY |
| v. | |
| TDK CORPORATION, a Japanese corporation, SAE MAGNETICS (H.K.) LTD, a Hong Kong company, HUSKO, INC., a California corporation, and HEADWAY TECHNOLOGIES, INC., a Delaware corporation, | |
| Defendants. | |

----oo0oo----

Plaintiffs Steven and Mary Reiber brought suit against TDK Corporation, SAE Magnetics (H.K.) Ltd., Husko, Inc., and Headway Technologies, Inc. (together, "defendants"), alleging infringement of two patents. Defendants have asserted counterclaims against plaintiffs challenging the validity of the patents and subsequently requested that the United States Patent and Trademark Office ("PTO") reexamine certain claims in the patents. Defendants now request a stay of the action pending

1

reexamination of the patents.

A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for purposes of re-examination is within the district court's discretion." Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2007).

Considering the stage of the litigation, the potential simplification of the proceedings, and the potential for undue prejudice or tactical disadvantage to the plaintiffs should a stay issue, see id. at 1111, the court finds that the balance of the equities favors a stay as to dispositive motions, any Markman hearings, the final pretrial conference, and trial, but does not favor a stay as to discovery, discovery-related motions, and status (pretrial scheduling) conferences.

IT IS THEREFORE ORDERED that defendants' motion to stay the case pending reexamination is GRANTED IN PART and DENIED IN PART.  This action is hereby STAYED only as to dispositive motions, any Markman hearings, the final pretrial conference, and trial.  As soon as the proceedings before the PTO are resolved, counsel for plaintiffs shall notify the court and take the necessary steps to have the stay lifted.

DATED:   February 12, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE