Robert J. Yorio (SBN 93178)
yorio@carrferrell.com
Marcus H. Yang (SBN 273509)
myang@carrferrell.com
**CARR & FERRELL LLP**
120 Constitution Drive
Menlo Park, California 94025
Telephone No.: (650) 812-3400
Facsimile No.: (650) 812-3444

*Attorneys for Plaintiffs*
*Steven F. Reiber and Mary L. Reiber*

Kurt M. Kjelland (SBN 172076)
kkjelland@goodwinprocter.com
Nicole S. Cunningham (SBN 234390)
NSCunningham@goodwinprocter.com
**GOODWIN PROCTER LLP**
4365 Executive Drive, 3rd Floor
San Diego, CA 92121-2125
Telephone: (858) 202-2700
Fax: (858) 457-1255

*Attorneys for Defendants TDK Corporation, SAE*
*Magnetics (H.K.) Ltd., Husko, Inc., and Headway*
*Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN F. REIBER and MARY L. REIBER<br><br>Plaintiffs,<br><br>v.<br><br>TDK CORPORATION, SAE MAGNETICS (H.K.) LTD., HUSKO, INC., and HEADWAY TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 2:11-cv-01057-WBS-CKD<br><br>**[JOINT ~~PROPOSED~~]**<br>**RULE 16 ORDER** |

1    The parties, having satisfied their obligations under Fed. R. Civ. P. 26(f), hereby submit this
2 Joint Proposed Rule 16 Order, the ESI provisions being substantially identical with the Federal
3 Circuit's Model Order Regarding E-Discovery in Patent Cases.
4    The Court ORDERS as follows:
5    1.    This Order supplements all other discovery rules and orders. It streamlines
6 Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive
7 determination" of this action, as required by Federal Rule of Civil Procedure 1.
8    2.    This Order may be modified for good cause.
9    3.    Pre-Discovery Disclosures. The parties will exchange the information required by
10 Fed. R. Civ. P. 26(a)(1) within 28 days of filing this Joint Proposed Rule 16 Order. Plaintiffs will
11 provide their Infringement Contentions within 28 days of filing this Joint Proposed Rule 16 Order.
12    4.    Discovery.
13        a.    Discovery will be needed on the following subjects: Plaintiff's claims of
14 infringement, willfulness, and damages, and Defendants' claims of invalidity, non-infringement,
15 inventorship, laches, estoppel, unclean hands, waiver, prior licenses and exhaustion. Defendants
16 also contemplate taking discovery from plaintiffs concerning the prosecution of the patents-in-suit,
17 which may confirm facts necessary to support an inequitable conduct defense.
18        b.    The discovery limitations imposed under the Federal Rules of Civil
19 Procedure or by the Local Rules (*e.g.,* interrogatory limits, deposition limits) shall govern this case.
20        c.    Communications involving trial counsel that post-date the filing of the
21 Complaint need not be placed on a privilege log. Privilege logs shall be produced within 60 days
22 following the date that the Court lifts the stay as to dispositive motions, any *Markman* hearings, the
23 final pretrial conference, and trial. The parties hereby agree that no waiver occurs prior to that date.
24    5.    ESI Discovery.
25        a.    Costs shall be shifted for disproportionate ESI production requests pursuant
26 to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery
27 tactics will be cost-shifting considerations.
28        b.    A party's meaningful compliance with this Order and efforts to promote

efficiency and reduce costs will be considered in cost-shifting determinations.

      c.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

      d.    General ESI production requests to any party under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email from a party, parties must propound specific email production requests.

      e.    Email production requests to any party shall only be propounded for specific issues, rather than general discovery of a product or business.

      f.    Email production requests to any party shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

      g.    Email production requests to any party shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

      h.    Each requesting side (i.e., plaintiffs collectively or defendants collectively) shall limit its email production requests to any party to a total of five custodians per producing party (i.e., per each plaintiff or defendant) for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests to any party for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

        i.      Each requesting side (i.e., plaintiffs collectively or defendants collectively) shall limit its email production requests to any party to a total of five search terms per custodian per party (i.e., per each plaintiff or defendant). The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests to any party with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

        j.      The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

    6.      Inadvertent Production of Privileged Documents. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected document or ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

In the event that counsel for a producing party learns that a document or other item subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently, counsel shall notify the receiving party or parties promptly after so learning that such inadvertent production has been made. Within five (5) business days of

receiving written notice from the producing party, the receiving party shall take all reasonable measures to return or destroy the originals and all copies of the privileged or immune material(s). Any analysis, memoranda, or notes which were internally generated based upon such inadvertently-produced material shall immediately be destroyed.  If additional copies of inadvertently produced material or any analysis, memoranda, or notes which were internally generated is subsequently discovered by the receiving party to be within the said receiving party's control efforts should be made to comply with the provisions.  The producing party shall include the inadvertently produced privileged document in its privilege log.  The receiving party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  Such inadvertent disclosure shall not result in the waiver of any associated privilege or immunity. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

The return of documents or materials by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, work-product immunity or any other applicable privilege.  Any motion to the Court challenging the producing party's claim(s) of privilege or immunity shall not assert as a ground for production, however, the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the

////

////

////

privilege log) in any way in connection with any such motion.  The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission to the Court.

Dated:  June 4, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE